UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| JENNIFER LATTIMORE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 4:18CV1383 HEA |
| ANDREW M. SAUL,[1] Commissioner of Social Security, | ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the court for judicial review of the final decision of the defendant Commissioner of Social Security denying the application of plaintiff for disability insurance benefits under Title II, 42 U.S.C. §§ 401, *et seq*. and denial of supplemental security income benefits under Title XVI, 42 U.S.C. §§ 1381, *et seq*. The Court has reviewed the parties' briefs and the entire administrative record, including the transcript and medical evidence. Based on the following, the Court will affirm the Commissioner's decision.

---

[1] The Court takes judicial notice that on June 4, 2019, Andrew M. Saul was confirmed as Commissioner of Social Security. *See* https://www.congress.gov/nomination/116th-congress/94. Pursuant to Federal Rule of Civil Procedure 25(d), Commissioner Saul is substituted for Nancy A. Berryhill as defendant in this action. No further action needs to be taken to continue this suit by reason of 42 U.S.C. § 405(g) (last sentence).

**Background**

Plaintiff was 38 years old at the time of her alleged disability onset. She filed her application on April 7, 2015, alleging a January 1, 2004 onset date, and alleging disability due to schizophrenia, bipolar disorder, a back problem and hot flashes. Plaintiff had previously filed applications which were denied, therefore, Plaintiff's earliest onset date Plaintiff could claim was no earlier than November 14, 2013. Plaintiff first became insured for Title II purposes on October 1, 2014. Plaintiff's current application was denied, and she requested a hearing before an Administrative Law Judge (ALJ).

On May 2, 2017, a hearing was held. Following the hearing, an ALJ issued a decision on September 12, 2017 finding that plaintiff was not disabled under the Act. Plaintiff filed a Request for Review of Hearing Decision/Order and on June 22, 2018, the Appeals Council denied her request for review. Thus, the decision of the ALJ stands as the final decision of the Commissioner.

**Decision of the ALJ**

On September 12, 2017, the ALJ issued a decision finding that plaintiff was not disabled. At Step One, the ALJ found that plaintiff had performed substantial gainful activity during the calendar year of 2015, however there had been a continuous period of at least 12 months during which Plaintiff did not engage in substantial gainful activity. At Step Two, the ALJ found that plaintiff had the

severe impairments of degenerative disc disease and asthma. However, the ALJ found plaintiff did not have an impairment or combination of impairments listed in or medically equal to one contained in the Listings, 20 C.F.R. part 404, subpart P, appendix 1.

The ALJ determined that plaintiff retained the residual functional capacity to perform a reduced range of light work with limitations. She could lift, carry, push, or pull 20 pounds occasionally and 10 pounds frequently. She can sit for 6 hours in an 8-hour workday and can stand and/or walk for 6 hours in an 8-hour workday. She can never climb ladders, ropes, or scaffolds. She can occasionally climb ramps and stairs. Plaintiff can occasionally balance, stoop, kneel, crouch and crawl. She can have no exposure to unprotected heights or hazardous machinery, but can have occasional exposure to extreme heat, extreme cold, and respiratory irritants such as dust, fumes, odors, gases, and poor ventilation.

At Step Four, the ALJ found that plaintiff is unable to perform her past relevant work as a janitor. At Step Five, the ALJ found that there are jobs that exist in significant number in the national economy that Plaintiff can perform, such as a merchandise marker, an electrical assembler, and a routing clerk. Therefore, the ALJ found that Plaintiff is not disabled.

## General Legal Principles

The Court's role on judicial review of the Commissioner's decision is to determine whether the Commissioner's findings apply the relevant legal standards to facts that are supported by substantial evidence in the record as a whole. *Pate-Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir. 2009). "Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Id.* In determining whether the evidence is substantial, the Court considers evidence that both supports and detracts from the Commissioner's decision. *Id.* As long as substantial evidence supports the decision, the Court may not reverse it merely because substantial evidence exists in the record that would support a contrary outcome or because the Court would have decided the case differently. *See Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002).

To be entitled to disability benefits, a claimant must prove he is unable to perform any substantial gainful activity due to a medically determinable physical or mental impairment that would either result in death or which has lasted or could be expected to last for at least twelve continuous months. 42 U.S.C. §§ 423(a)(1)(D), (d)(1)(A); *Pate-Fires*, 564 F.3d at 942. A five-step regulatory framework is used to determine whether an individual is disabled. 20 C.F.R. § 404.1520(a)(4); *see also Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987) (describing five-step process).

Steps One through Three require the claimant to prove: (1) he is not currently engaged in substantial gainful activity; (2) he suffers from a severe impairment; and (3) his condition meets or equals a listed impairment. 20 C.F.R. § 404.1520(a)(4)(i)-(iii). If the claimant does not suffer from a listed impairment or its equivalent, the Commissioner's analysis proceeds to Steps Four and Five. Step Four requires the Commissioner to consider whether the claimant retains the RFC to perform past relevant work (PRW). *Id*. § 404.1520(a)(4)(iv). The claimant bears the burden of demonstrating he is no longer able to return to his PRW. *Pate-Fires,* 564 F.3d at 942. If the Commissioner determines the claimant cannot return to his PRW, the burden shifts to the Commissioner at Step Five to show the claimant retains the RFC to perform other work that exists in significant numbers in the national economy. Id.; 20 C.F.R. § 404.1520(a)(4)(v).

## **Discussion**

Plaintiff asserts that the ALJ did not properly evaluate Plaintiff's subjective complaints of pain. In considering subjective complaints, the ALJ must fully consider all of the evidence presented, including the claimant's prior work record, and observations by third parties and treating examining physicians relating to such matters as:

(1) The claimant's daily activities;

5

(2) The subjective evidence of the duration, frequency, and intensity of the claimant's pain;

(3) Any precipitating or aggravating factors;

(4) The dosage, effectiveness, and side effects of any medication; and

(5) The claimant's functional restrictions. *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). It is not enough that the record contains inconsistencies; the ALJ is required to specifically express that he or she considered all of the evidence. *Id.* The ALJ, however, "need not explicitly discuss each *Polaski* factor." *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir. 2004). The ALJ need only acknowledge and consider those factors. *Id.* Although credibility determinations are primarily for the ALJ and not the court, the ALJ's credibility assessment must be based on substantial evidence. *Rautio v. Bowen*, 862 F.2d 176, 179 (8th Cir. 1988). "While the extent of daily living activities does not alone show an ability to work, such activities may be considered along with other evidence when evaluating a claimant's credibility." *Walker v. Colvin*, 124 F.Supp. 3d 918, 936 (E.D. Mo. 2015).

The ALJ discussed Plaintiff's complaints of pain in conjunction with the medical evidence. While Plaintiff sought emergency care for a fall in December 2013, Plaintiff was able to ambulate without difficulty. The physical examination revealed no abnormalities. Plaintiff's examination and treatment notes establish

6

essentially normal examination results. She was able to ambulate normally, with normal reflexes and no trouble walking (April 2017), (January 2015); she exhibited normal muscle strength, gait, reflexes, and pulses with no edema (May 2015), (December 2015); no difficulty walking and no spinal problems on examination (January 2014). Additionally, medical tests revealed "mild," and "mild to moderate" stenosis (May 2015), (July 2015); "early" or "very early" degenerative changes, with completely normal knees (July 2016).

    Plaintiff suggests there is ample support in the record of her physical conditions and circumstances which the ALJ failed to note, consider, or weigh in support of her claim. It is well-settled that in evaluating the credibility of a claimant's subjective pain complaints, the ALJ must consider the claimant's work history; daily activities; duration, frequency, and intensity of pain; dosage, effectiveness and side effects of medications; precipitating and aggravating factors; and functional restrictions. *Kelley v. Callahan*, 133 F.3d 583, 588 (8thCir. 1998), citing *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8thCir. 1984). When rejecting a claimant's pain complaints, the ALJ "must make an express credibility determination detailing reasons for discrediting the testimony, must set forth the inconsistencies, and must discuss the *Polaski* factors. *Id.*, citing *Cline v. Sullivan*, 939 F.2d 560, 565 (8thCir. 1991). *See Ghant*, 930 F.2d, at 637.

The objective medical evidence failed to support Plaintiff's claims. She sought refills of narcotic drugs, but a drug screen found none of the drug in her system. Plaintiff's noncompliance with suggested treatment is also indicative of the ALJ's lack of full credibility determination. Plaintiff did not accept a follow up appointment with the Laser Spine Institute of St. Louis when her physician refused to once again refill her narcotic prescription. Plaintiff obtained prescriptions from Dr. Pile in October 2014, however when he advised Plaintiff he would no longer prescribe Norco, she never again returned to Dr. Pile.

Likewise, the fact that Plaintiff had extensive work history during the time she alleged she was disabled detracted from the credibility of her claims of intolerable pain. An ALJ may properly consider such inconsistencies between a claimant's allegations and the medical record. *See, e.g., Bryant v. Colvin*, 861 F.3d 779, 783 (8th Cir. 2017). The record fully and substantially supports the finding of the ALJ. The ALJ weighed and discussed various medical reports and records.

The ALJ sufficiently discussed Plaintiff's credibility in the opinion. All of the factors identified by the ALJ can be considered when making a credibility determination. The ALJ discussed Plaintiff's testimony regarding his symptoms and functional limitations. The ALJ also discussed the reasons why Plaintiff's claims of disabling pain are inconsistent with the record as a whole. The ALJ noted that many of Plaintiff's health examinations were normal. The ALJ also noted that

the objective record indicated that her physical impairments were non-severe, because imaging indicated normal and only mild degenerative changes. *Moore v. Astrue,* 572 F.3d 520, 524-25 (8th Cir. 2009) (appropriate for ALJ to consider conservative or minimal treatment in assessing credibility). Therefore, the ALJ's comparison of Plaintiff's claims with the objective medical evidence was proper. *Goff v. Barnhart*, 421 F.3d 785, 792 (8th Cir. 2005) (ALJ can disbelieve subjective complaints if there are inconsistencies in the evidence as a whole and lack of corroborating evidence is just one of the factors the ALJ considers). "If the ALJ discredits a claimant's credibility and gives a good reason for doing so, [the court] will defer to its judgment even if every factor is not discussed in depth." *Perkins*, 648 F.3d at 900. A review of the entire record demonstrates that the ALJ did not rely solely upon any one of the factors in the credibility analysis. Considering the combination of the factors relied upon by the ALJ and the record as a whole, substantial evidence in the record supports the ALJ's credibility findings.

## Conclusion

The Court finds that substantial evidence supports the ALJ's decision as a whole. As noted earlier, the ALJ's decision should be affirmed "if it is supported by substantial evidence, which does not require a preponderance of the evidence but only 'enough that a reasonable person would find it adequate to support the decision,' and the Commissioner applied the correct legal standards." *Turpin v.*

*Colvin*, 750 F.3d 989, 992-993 (8th Cir. 2014) (internal citations omitted).

Therefore, the Commissioner's decision will be affirmed.

Accordingly,

**IT IS HEREBY ORDERED** that the relief requested in Plaintiff's Complaint and Brief in Support of Complaint is **DENIED**. [Docs. 1, 20.]

A separate Judgment in accordance with this Opinion, Memorandum and Order is entered this same dated.

Dated this 13th day of August, 2019.

 _____
 HENRY EDWARD AUTREY
 UNITED STATES DISTRICT JUDGE